# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | CRIMINAL ACTION NO. 4:24-CR-00049- |
| § | SDJ-KPJ-1 & 4:24-CR-00050-SDJ-AGD-1 |
| TERRI GLEN SILLERS § | |

## AMENDED REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Terri Glen Sillers' ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on April 17, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Michael John Pannitto of the Federal Public Defender's Office. The Government was represented by Maureen Smith.

In 4:24-cr-49, Defendant was sentenced on December 4, 2014, before The Honorable Sim Lake in the Southern District of Texas after pleading guilty to the offense of Conspiracy to Participate in a Racketeering Enterprise, namely Multiple Acts Involving Murder and Narcotics Trafficking, a Class A felony. This offense carried a statutory maximum imprisonment term of Life. The guideline imprisonment range, based on a total offense level of 37 and a criminal history category of VI, was 360 months to Life. Defendant was subsequently sentenced to 120 months imprisonment followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse testing and treatment, and a $100 special assessment. On November 13, 2020, Defendant completed his period of imprisonment and began service of the supervision term. On March 15, 2024, a transfer of jurisdiction was conducted, and Defendant's case was transferred to the Eastern District of Texas, Sherman Division, and assigned to The Honorable Sean D. Jordan, U.S. District Judge.

In 4:24-cr-50, Defendant was sentenced on June 26, 2001, before The Honorable Barbara M.G. Lynn in the Northern District of Texas after pleading guilty to the offense of Possession with Intent to Distribute a Controlled Substance, a Class B Felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 37 and a criminal history category of VI, was 360 months to Life. Defendant was subsequently sentenced to 150 months imprisonment followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse testing and treatment. On November 13, 2020, Defendant completed his period of imprisonment and began service of the supervision term. On March 12, 2024, this case was reassigned to The Honorable Sean D. Jordan, U.S. District Judge for the Eastern District of Texas.

On March 18, 2024, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #2, Sealed). The Petition asserts that Defendant violated six conditions of supervision, as follows: (1) and (5) (mandatory) Defendant shall not commit another federal, state, or local crime; (2) (mandatory) Defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon; (3) (mandatory) Defendant shall refrain from any unlawful use of a controlled substance; (4) (standard) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, sell, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician; and (6) (standard) Defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer (Dkt. #2 at pp. 1–2, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On or about February 15, 2024, local police were dispatched to a location that reported gunfire in the area. Upon arrival

at the location, which was later identified as Defendant's listed residence, several police noticed the front door was kicked open and the residence was empty. Dispatch received a call indicating that a white male was seen walking in the area with no shirt on and in possession of a firearm. Upon making contact with the white male, police observed him place a firearm inside the bumper of a truck and then lay on his stomach. The white male, later identified as Defendant, was placed in handcuffs and the firearm, a Taurus PT 111 PRO, 9mm, Serial No. TET61167, was found inside the bumper of the truck without a holster and loaded with six rounds and one in the chamber. While speaking with Defendant, police noticed his speech was slurred, pupils were pinpointed, he was sweating profusely, and he admitted to taking 40 grams of Adderall. Police subsequently arrested Defendant and charged him with Public Intoxication in violation of Texas Penal Code § 49.02, along with Unlawful Carry Weapon with Felony Convictions (2nd Degree Felony), and Unlawful Possession of Firearm by Felon (3rd Degree Felony) in violation of Texas Penal Codes §§ 46.02(e)(1) and 46.04(e). On February 17, 2024, Defendant posted a $20,000 bond and a $5,000 bond, and was released from custody; (2) On January 10, 2023, Defendant submitted a urine specimen which tested positive for the use of benzodiazepines and cocaine. Defendant admitted to cocaine use; (3) On November 6, 2023, Defendant submitted a urine specimen that tested positive for the use of cocaine and methamphetamine. The results were confirmed by Alere Toxicology Services; (4) On December 6, 2023, Defendant reported to the U.S. Probation Office and submitted a urine specimen that tested positive for methamphetamine. The results were confirmed by Alere Toxicology Services; (5) On or about January 8, 2023, Defendant committed the misdemeanor offense of Possession of Narcotics. On this date, Defendant was stopped for a traffic violation and was found to be in possession of narcotics. Defendant was not arrested and was issued a summons to appear in Misdemeanor Court; and (6) On March 1, 2024, Defendant notified the U.S. Probation

Office regarding his arrest on February 15, 2024, for charges that included Public Intoxication, Unlawful Carry Weapon with Felony Convictions, and Unlawful Possession of Firearm by Felon. As such, he failed to notify his probation officer within 72 hours of his arrest (Dkt. #2 at 1–2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations (3), (4), (5), and (6) of the Petition. Having considered the Petition and the plea of true to allegations (3), (4), (5), and (6), the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of twenty-one (21) months in 4:24-cr-49, and twenty-one (21) months in 4:24-cr-50, to run concurrently, all to run consecutively to any other term of imprisonment. Additionally, the court recommends that Defendant's sentence be followed by a twenty-four (24) month term of supervised release in 4:24-cr-49; no term of supervised release as to 4:24-cr-50. All prior conditions imposed in the original judgment are reimposed here.

The court also recommends that Defendant be housed in the Bureau of Prisons facility in the Dallas/Fort Worth, Texas or Seagoville, Texas area, if appropriate.

**SIGNED this 10th day of June, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE